IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **DEBORAH DIANE FLETCHER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | Civil No. TMD 14-2948 |
| v. | * | |
| | * | |
| | * | |
| **NANCY A. BERRYHILL,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION TO DISMISS**

This matter is before the Court on the Motion to Dismiss filed by the Commissioner of Social Security ("Defendant" or the "Commissioner") (ECF Nos. 10, 14), to which Plaintiff filed a Response (ECF No. 16). For the reasons stated below, the Motion is **GRANTED**.

Plaintiff filed a civil action on August 29, 2014, in the United States District Court for the District of Columbia that was transferred to the United States District Court for the District of Maryland. Plaintiff claims that she did not receive the proper amount of benefits between 2007 and 2011 and that she is entitled to retirement benefits. As the Commissioner points out, however, res judicata applies in this case. For the doctrine of res judicata to apply, there must be (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of the parties or their privies in the two suits. *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004). Here, a final judgment on the merits was obtained in a prior suit. *Fletcher v. Colvin*, Civil No. TMD 13-1465, 2014 WL 1664891 (D. Md. Apr. 23, 2014). Plaintiff's allegations in the present Complaint relate to

benefits paid to her prior to 2011 or to her ability to file for retirement benefits. Because she raised or could have raised these same allegations in the prior civil action, the second prong of the test is met. Finally, the parties are the same as in the prior civil action. *See* Fed. R. Civ. P. 25(d). Dismissal of Plaintiff's Complaint thus is appropriate on the basis of res judicata. Moreover, Plaintiff's present Complaint fails to state a claim for which relief may be granted for the same reasons as stated in the Court's dismissal under Fed. R. Civ. P. 12(b)(6) of her previous complaint in 13-1465. *See Fletcher*, 2014 WL 1664891, at *1-2. As the Commissioner further points out, Plaintiff's Complaint can be dismissed under Fed. R. Civ. P. 12(b)(1) for failure to exhaust administrative remedies because her Complaint fails to identify any final decision by the Commissioner. *See Yi v. Soc. Sec. Admin.,* 80 F. Supp. 3d 666, 669-70 (D. Md. 2015). Thus, for the reasons stated above, the Court grants Defendant's Motion to Dismiss Plaintiff's Complaint.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Complaint (ECF Nos. 10, 14) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED**. A separate order will issue.

Date: September 30, 2017                    /s/
                                            Thomas M. DiGirolamo
                                            United States Magistrate Judge